```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


Michael Hines,                  :

       Plaintiff,               :

   v.                           :    Case No. 2:09-cv-1111

Hartford Life and Accident      :    JUDGE FROST
Insurance Company,

       Defendant.               :
```

                                ORDER

On December 15, 2009, defendant Hartford Life and Accident Insurance Company filed a motion to dismiss the complaint. In response, plaintiff requested, as alternative relief, leave to file an amended complaint.

Fed. R. Civ. P. 15(a) states, in pertinent part, that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." When the rule refers to a responsive pleading, it means a pleading, such as an answer. Motions to dismiss or motions for summary judgment have fairly uniformly been held not to constitute responsive pleadings within the meaning of Rule 15(a). See Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1111 (7th Cir. 1984); Barksdale v. King, 699 F.2d 744, 746-47 (5th Cir. 1983); Ohio Casualty Insurance Co. v. Farmers Bank of Clay, 178 F.2d 570 (6th Cir. 1949); Hagee v. Evanston, 95 F.R.D. 344 (N.D.Ill. 1982); Butler v. McDonnell-Douglas Saudi Arabia Corp., 93 F.R.D. 384 (S.D.Ohio 1981); Kroger Co. v. Adkins Transfer Co., 284 F.Supp. 371, 374 (M.D.Tenn. 1968), aff'd 408 F.2d 813 (6th Cir. 1969). Consequently, where a party seeks leave of court to amend a pleading, but leave is technically not required because no responsive pleading has been filed, it is error for the Court to

deny the motion for leave to amend.  <u>Williams v. AMF, Inc.</u>, 512 F.Supp 1048 (S.D. Ohio 1981), <u>citing Rogers v. Girard Trust Co.</u>, 159 F.2d 239 (6th Cir. 1947); <u>see also Butler v.McDonnell-Douglas Saudi Arabia Corp.</u>, 93 F.R.D. 384 (S.D. Ohio, 1981).

Based on this legal authority, plaintiff does not need the Court's permission to amend his complaint.  Because he has asked for it, however, permission will be granted.  The Court prefers dealing with a motion to dismiss, if one is to be filed, which responds to the claims as described and clarified in the proposed amended complaint.  Therefore, the Clerk is directed to detach and file the amended complaint attached to plaintiff's response to the motion to dismiss (#11).  This order moots the motion to dismiss and that motion (#8) shall be removed from the Court's pending motions list.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge